## NOTICE PURSUANT TO THE "DUE PROCESS PROTECTIONS ACT OF 2020"

### (Public Law 116-182) (to be codified as Fed. R. Crim. P. 5(f))

On October 21, 2020, a new statute was enacted, modifying Rule 5 of the Federal Rules of Criminal Procedure to require: "In all criminal proceedings, on the first scheduled court date when both prosecutor and defense counsel are present, the judge shall issue an oral and written order to prosecution and defense counsel that confirms the disclosure obligation of the prosecutor under Brady v. Maryland, 373 U.S. 83 (1963), and its progeny, and the possible consequences of violating such order under applicable law." Due Process Protections Act, S.B. 1380, P.L. 116-182 (Oct. 21, 2020).

In Brady, the Supreme Court held that "the suppression by the prosecution of evidence favorable to an accused ... violates due process where the evidence is material either to guilt or to punishment, irrespective of the good faith or bad faith of the prosecution." Id. at 87. The Government has the duty to disclose Brady information on its own initiative, even if no request is made by the defendant. This includes not only information that tends to show a defendant is not guilty, but other information favorable to a defendant, such as information that could be used to impeach the credibility of prosecution witnesses, and any other information that, if it were withheld, would deprive the defendant of a fair trial.

If the government fails to produce material information subject to Brady, and the defendant is convicted at trial, if the Court finds the defendant was prejudice by the failure to produce the information, the Court may vacate the judgment of conviction and order a new trial in which the defendant is able to make use of the information.

Counsel for the defendant shall ensure that defendant receives a written copy of this Notice, within ten days of defendant's initial appearance. It is so ordered.